S. D. MERCER COMPANY ET AL., APPELLANTS, V. CITY OF OMAHA, APPELLEE.

FILED JUNE 7, 1907. No. 14,867.

1. Cities: REPAVING: PETITION. In determining whether or not the owners of a majority of the foot frontage of an improvement district in the city of Omaha have signed a petition for repaving, it is necessary to consider the foot frontage created by the vacation of an abutting street.

2. ——: ——: ——. One who held the title to city lots, and who had full power and authority to improve them, was competent to petition for the repavement of a street upon which such lots abutted, under the Omaha charter (Ann. St., sec. 7562), as it existed prior to 1903, providing that such petition shall be signed by the owners of the abutting property.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*W. A. Saunders,* for appellants.

*Harry E. Burnam* and *I. J. Dunn,* contra.

EPPERSON, C.

Plaintiffs seek to set aside special taxes levied upon their property to pay the cost of repaving a part of Cuming street in the city of Omaha. The principal objection to the levy is that the petition for repaving was not signed by the owners of a majority of the foot frontage of the improvement district. The frontage of the district is 6,302.69 feet. Of this, 885 feet is the frontage of Bemis Park, which is not subject to taxation. *Herman v. City of Omaha*, 75 Neb. 489. The petition purports to be signed by the owners of 2,744 125-200 feet, which is a majority of the foot frontage of the taxable property. The respective owners of lot 2, in block 8, and lot 1, in block 9, of Lowe's second addition, signed the petition, claiming a frontage of 436 feet. As originally platted these lots had a frontage on Cuming street of 193 7-8 feet each. They were divided by Summit street, 66 feet wide. In 1881 the county commissioners declared this part of Summit street vacated, and in 1887 the county clerk attempted to convey it to the owner of the abutting lots. There seems to have been no power in the county board to vacate the street, nor in the county clerk to convey the title; but the petitioners and their grantors had been in possession of the street property for more than ten years prior to the filing of the petition for repaving. It was therefore vacated by nonuser and the petitioners were the owners thereof. It became a part of the lots above named, and should be considered in determining the sufficiency of the petition.

Richard Scannell, claiming to own property having a foot frontage of 299 7-8 feet, signed the petition. The deed conveying this property to him designated him as "Right Rev. Richard Scannell, Bishop of Nebraska." Evidence was introduced showing that the property in fact belonged to the Catholic church. It was proved, however, that the grantee under the canon law had full power and authority to control the property, and for all intents

and purposes, so far as improvements were concerned, he had full jurisdiction and power over it. He was the legal owner, and the church the equitable owner or beneficiary. The church could act only through the bishop, and under the city charter as it then existed, requiring a petition signed by the owners of a majority of the property, we consider him a competent petitioner.

The district court rendered judgment of dismissal which should be affirmed, and we so recommend.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.